IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY CATCHINGS,                              )
                                                )
                    Plaintiff,                  )
                                                )        No.     04 C 6110
        v.                                      )
                                                )        Judge Robert W. Gettleman
CITY OF CHICAGO, a municipal corporation;       )
PHILLIP J. CLINE, superintendent of Chicago     )
Police; TERRY G. HILLARD; UNKNOWN               )
OFFICERS AND AGENTS OF THE                      )
POLICE DEPARTMENT OF THE CITY                   )
OF CHICAGO; MICHAEL SHEAHAN,                    )
Cook County Sheriff; and UNKNOWN COOK           )
COUNTY SHERIFF'S OFFICERS                        )
AND AGENTS,                                      )
                                                )
                    Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Catchings filed a fifteen-count first amended complaint alleging

violations of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution,

pursuant to 42 U.S.C. § 1983, as well as violations of the Illinois Constitution and state common

law. Plaintiff alleges that he was repeatedly arrested without probable cause and wrongfully

detained by defendants.

Subject matter jurisdiction of the § 1983 claims is based on 28 U.S.C. § 1331 and § 1343,

and jurisdiction over the state law claims is based on supplemental jurisdiction pursuant to 28

U.S.C. § 1367. Defendants Terry G. Hillard ("Hillard"), Phillip J. Cline ("Cline"), and the City

of Chicago ("City") and defendant Michael Sheahan ("Sheahan") have moved separately to

dismiss plaintiff's complaint on several grounds, but all defendants argue that plaintiff has failed

to state a § 1983 claim. For the reasons discussed herein, the defendants' motions to dismiss are

granted as to the § 1983 claims, and the court declines to exercise supplemental jurisdiction over the state law claims.

## FACTS[1]

As discussed below, the court reaches the merits of plaintiff's § 1983 claims only, and the following facts are those relevant to the sufficiency of plaintiff's § 1983 allegations.

Defendant Cline is superintendent of the Chicago Police Department ("CPD"), and defendant Hillard is the former superintendent of the CPD. Defendant Sheahan is the sheriff of Cook County, Illinois.

On January 25, 2003, plaintiff's brother, Baron Catchings ("Baron")[2], was arrested by the CPD on a felony charge of retail theft. At the time of his arrest, Baron identified himself as plaintiff, and was booked, fingerprinted, and photographed under plaintiff's name. Baron entered a guilty plea on January 31, 2003, and was sentenced to probation under plaintiff's name. Baron did not comply with the terms of his probation, and on May 20, 2003, an order of violation of probation was entered against plaintiff, and a warrant issued for plaintiff's arrest (the "Warrant"). Plaintiff was arrested and detained on six separate occasions between September 20, 2003, and March 8, 2004, five times by the CPD and once by the Waukegan Police, pursuant to the Warrant. Subsequent to three of these arrests, plaintiff was transferred to the Cook County jail, where he was detained between eight and twelve days on each occasion. In total, plaintiff spent approximately 43 days in custody over a six month period due to arrests pursuant to the Warrant.

_____

[1]For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

[2]The court notes that plaintiff alternately spells his brother's name "Baron" or "Barron."

2

Each of the six times plaintiff was arrested he told the arresting officers, officers at the police stations where he was processed, and sheriff deputies at the Cook County jail on the occasions he was held there, that the Warrant had been issued against him in error. On each occasion, the error was ultimately recognized, although it was sometimes more than a week later, and plaintiff was released without charges ever being brought against him. Twice - after his second and fifth arrests - a state court judge amended the Warrant to state that plaintiff should not be arrested pursuant to the Warrant.

Plaintiff alleges that Hillard, Cline, and the City were responsible for formulating, implementing, instituting and supervising policies, customs and regulations to ensure that: (1) a person arrested pursuant to an arrest warrant is properly identified; (2) "claims by arrestees that they were not properly identified in the arrest warrant and that the warrant was a case of mistaken identity" are reviewed; and (3) "fingerprints, photographs, and physical descriptions" of both the arrestee and the person described in the arrest warrant are checked and matched to ensure that the right person is detained. Plaintiff alleges that Sheahan was responsible to "formulate and supervise policies, customs and regulations" for the Cook County Sheriff, and to "ensure an individual delivered into his custody actually was the person described in the applicable arrest warrant and that his fingerprints and description matched those of [the] person described in the warrant." Plaintiff also alleges that Sheahan was "ultimately responsible to administer the Cook County jail."

## DISCUSSION

In ruling on a motion to dismiss for failure to state a claim, the court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff.

3

Travel All Over the World, 73 F.3d at 1428. A complaint should not be dismissed for failure to state a claim unless there is no doubt that the plaintiff cannot prove a set of facts that would entitled her to relief based on her claim. Pressalite Corp. v. Matsushita Electric Corp. of America, 2003 WL 1811530, at *2 (N. D. Ill. Apr. 4, 2003).

Plaintiff asserts § 1983 claims against all defendants, alleging that each of his arrests, detentions, and incarcerations violated the Fourth and Fourteenth Amendments to the U.S. Constitution. Count I asserts a § 1983 claim against Sheahan and unknown Cook County Sheriff officers and agents (collectively, the "Sheriff Defendants"). Counts IV and VII assert § 1983 claims against all defendants. Counts X[3] and XIII assert § 1983 claims against Hillard, Cline, the City (collectively, the "City Defendants"), and unknown officers and agents of the CPD. Plaintiff states that all individual defendants are "sued in their individual, as well as official, capacities," and that they were "acting under the color of state law" at all relevant times. All defendants have moved to dismiss the § 1983 claims against them.

To state a § 1983 claim, a plaintiff must show that the deprivation of his constitutional rights was caused by some official custom or policy of the municipality. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-91 (1978). The Seventh Circuit has repeatedly held that to allege municipal liability under § 1983, a plaintiff must allege that: (1) the defendant had an express policy that, when enforced, causes a constitutional deprivation; (2) the defendant had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the

---

[3]The court notes that Count X does not specifically state that it is a § 1983 claim, but it appears that plaintiff is asserting an action under § 1983.

4

force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. McCormick v. City of Chicago, 230 F.3d 319, 323-24 (7th Cir. 2000)(citing McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). The Supreme Court has made clear that there is no heightened pleading standard for § 1983 claims. Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 167 (1993).

## I.    Hillard, Cline, and Sheahan in their individual capacity

Plaintiff asserts liability against Hillard, Cline, and Sheahan in their individual capacity for his unconstitutional arrests and detentions. The Seventh Circuit has repeatedly held that "§ 1983 does not allow actions against individuals merely for their supervisory role of others" and that "individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue." Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003)(citations omitted). Lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim. Id. Although direct participation is not necessary, there must at least be a showing that an individual defendant "acquiesced in some demonstrable way in the alleged constitutional violation." Id. That is, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).

In the instant case, plaintiff has made no allegations that Hillard, Cline, or Sheahan actually knew that plaintiff had been arrested and held on the Warrant, that the Warrant was based on a mistaken identity, or that they directed or consented to the conduct that caused the constitutional deprivation . Cf. McMurry v. Sheahan, 1996 WL 296585 (N.D. Ill. May 31, 1996)(denying motion to dismiss § 1983 claim where the plaintiff alleged that the defendants

5

knew of the deficiencies in the warrant system based in part on previous lawsuits). As currently pled, plaintiff does not allege any personal involvement by Hillard, Cline, or Sheahan. Accordingly, defendants' motions to dismiss the § 1983 claims against Hillard, Cline, and Sheahan in their individual capacity are granted without prejudice.

## II. The City and Hillard, Cline, and Sheahan in their official capacity

Plaintiff also alleges liability pursuant to § 1983 against the City, and Hillard, Cline, and Sheahan in their official capacity. A suit against a government officer in his official capacity is actually a suit against the government entity for which the officer works. Kentucky v. Graham, 473 U.S.159, 165-66 (1985). It is well-settled that a municipality may not be held liable under § 1983 on a theory of respondeat superior. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). To state a claim against the City or Hillard, Cline, or Sheahan in their official capacity, plaintiff must allege that he suffered a deprivation of a federally protected right, and that the deprivation resulted from an official policy, custom, or practice. Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir. 2002). Sheahan argues that plaintiff has not alleged a constitutional deprivation by the Sheriff Defendants because plaintiff does not state a substantive due process claim. The City Defendants concede that plaintiff has alleged a constitutional deprivation. Even assuming that plaintiff has sufficiently pled a violation of his constitutional rights by all defendants, plaintiff fails to allege an official policy, custom, or practice, and thus fails to state a claim under § 1983.

As plaintiff himself concedes in his responses to the motions to dismiss, his § 1983 claims all depend on his ability to show that either the City (for the City itself, Hillard, and Cline) or Cook County (for Sheahan) had a policy or custom that caused the alleged violation of his

6

Fourth and Fourteenth Amendment rights. Harris v. City of Marion, Ind., 79 F.3d 56, 58 (7th Cir. 1996). Plaintiff, however, does not allege that the City, Hillard, Cline, or Sheahan had an affirmative policy of arresting people without probable cause or of arresting them based on warrants that mistakenly identify the subject of the warrant. Nor does plaintiff allege that any of the defendants had a custom or practice permitting such arrests or detentions, or that the failure to select or implement necessary practices constituted a policy or custom for the purposes of a Monell § 1983 claim. See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 123-24 (1992); Harris, 79 F.3d at 58.[4]

Rather than alleging a specific policy or custom, or the absence of a policy, plaintiff's complaint repeatedly refers to various "duties" of defendants, including the "duty to reasonably investigate the arrestee's identity, his claim that there was a mistake in the identity of the person named in the warrant, and to compare the fingerprints, photographs and descriptions of plaintiff to those of the subject of the arrest warrant, [Baron]," and the "duty to refrain from holding [plaintiff] in custody for an arrest warrant based on mistaken identity, which could have been easily detected upon reasonable investigation." Cursory allegations of general duties, however, cannot stand in the place of an allegation of a municipal policy, custom or practice required to state a Monell claim under section § 1983. Further, even if the court read the complaint as

---

[4]The court notes that although plaintiff cites Judge Conlon's recent opinion in Perez-Garcia v. Village of Mundelein, 2005 WL 309554 (N.D. Ill. Feb. 7, 2005), in a supplement to his response, that case only highlights the insufficiency of plaintiff's allegations. Judge Conlon denied the sheriff's motion to dismiss a § 1983 claim based on mistaken identity, noting that the complaint contained "specific allegations about [the sheriff's] alleged jail procedures." Id. at *4. Here, plaintiff makes no allegations about the arrest, detention, or review procedures, or any other procedures, of the CPD or the Cook County Sheriff. In fact, plaintiff does not even allege that such procedures exist.

alleging a policy or a custom, plaintiff fails to allege any connection between the unspecified policies and the conduct he complains of, such as through actual or implied municipal knowledge of the custom or policy and its consequences on various individuals, which is a required element of a Monell claim.  See City of Oklahoma v. Tuttle, 471 U.S. 808, 823 (1985); Sims v. Mulcahy, 902 F.2d 524, 543 (7th Cir. 1990).

In his briefs, plaintiff attempts to cure the deficiencies of his pleading by recasting the first amended complaint as alleging much more than it does, suggesting new claims, and asking the court to infer essential elements of a Monell claim from his factual allegations.  For example, plaintiff argues in his response to the Sheriff Defendants' motion that "for purposes of § 1983 [he] is alleging that 'policies, customs, or practices' of Cook County caused his repeated detentions," and that he "is challenging the procedures in place to remedy claims of misidentification and false imprisonment."  The complaint, however, contains no such allegations.  Similarly, plaintiff argues in his response to the City Defendants' motion that he has asserted claims for a failure to train and a failure to implement certain unspecified policies. Although both are viable theories of liability under § 1983, see Sims, 902 F.2d at 543 (failure to implement policy) and City of Canton, 489 U.S. at 388 (failure to train), none of these allegations are included in plaintiff's first amended complaint.  It is axiomatic that a plaintiff cannot raise a new claim for the first time in his response brief.  See, e.g., Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989)(a complaint may not be amended by briefs in opposition to the motion to dismiss).

Plaintiff also suggests in his responses that the court should infer a policy, practice or custom.  The Seventh Circuit held in Jackson v. Marion County, 66 F.3d 151, 152-53 (7th Cir.

8

1995), that an unconstitutional policy may be inferred in the absence of direct evidence "by a showing of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on," and either condoned or acquiesced in the misconduct. Plaintiff's allegations and arguments, however, are too convoluted and imprecise to permit such an inference. For example, plaintiff asserts that his factual allegations "raise a reasonable inference that the City Defendants have a policy of ignoring, much less checking into, claims of false identification," and that the Sheriff Defendants had a similar "de facto policy." Plaintiff's argument confuses the lack of a policy or a practice of misconduct with an explicit policy. Absent factual allegations to support such a theory, the court cannot infer the improbable notion that either municipal defendant has an explicit policy of ignoring claims of mistaken identity. Further, as discussed above, plaintiff's allegations are not sufficient to suggest that any policymaking official for the CPD or the Cook County Sheriff was "bound to have noticed" the mistake in the Warrant or was aware of problems with the warrant system that caused mistakes regarding the identity of subjects of warrants. The court therefore cannot infer a policy based on the allegations as currently pled.[5]

Plaintiff is of course correct that there is no heightened pleading standard in § 1983 actions, and thus, "in alleging the existence of an official policy or custom, a plaintiff need only include a 'short and plain statement' of such official policy or custom." See Howard v. Board of Educ. of Sycamore Community Unit School Dist. No. 427, 893 F. Supp. 808, 815-16 (N.D. Ill. 1995)(citing Leatherman, 50 U.S. at 167-68). As currently pled, however, the first amended

---

[5]Should plaintiff wish to attempt to file a second amended complaint sufficiently alleging such policies, consistent with his obligations under Fed. R. Civ. P. 11, he will be given one last opportunity to do so.

9

complaint does not contain even a "short and plain statement" of a policy or custom, as required to state a <u>Monell</u> § 1983 claim. Accordingly, the court grants defendants' motions to dismiss the § 1983 claims against the City and Hillard, Cline, and Sheahan in their official capacity.

Jurisdiction over plaintiff's state law claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Because the court finds that plaintiff has failed to state a § 1983 claim against any of the defendants in any capacity and grants plaintiff leave to replead, the court will not reach plaintiff's state law claims unless and until plaintiff sufficiently pleads his federal claims.

## CONCLUSION

For the reasons stated above, the court grants the defendants' motions to dismiss the § 1983 claims (Counts I, IV, VII, X, and XIII) without prejudice. Plaintiff is given leave to file a second amended complaint on or before May 23, 2005. Defendants shall respond thereto on or before June 13, 2005. The status report previously set for May 3, 2005, is cancelled and reset to June 16, 2005, at 9:00 a.m.

**ENTER:**     **April 26, 2005**

**Robert W. Gettleman**
**United States District Judge**