IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY CATCHINGS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 6110 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MICHAEL SHEAHAN, Former Cook County | ) | |
| Sheriff; OFFICER TIMOTHY BROADWAY; and | ) | |
| OFFICER DANIEL FOLKERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Catchings filed a seven-count fourth amended complaint against former Cook County Sheriff Michael Sheahan("Sheahan"), Officer Timothy Broadway ("Broadway"), and Daniel Folkers ("Folkers"), in their individual capacities pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants repeatedly arrested him without probable cause and wrongfully detained him in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, as well as the Illinois Constitution and common law. Count I alleges wrongful detention and imprisonment by all defendants in connection with plaintiff's second arrest. Count II alleges a violation of the Illinois Constitution by defendants Folkers and Broadway. Count III alleges false imprisonment under state (common) law by defendants Folkers and Broadway. Count IV alleges wrongful detention and imprisonment by defendants Sheahan and Cook County in connection with plaintiff's third arrest. Count V alleges wrongful detention by defendant Sheahan and Cook County in connection with plaintiff's fourth arrest.[1]

---

[1]The court has dismissed claims brought against the City of Chicago and its employees pursuant to a settlement agreement between plaintiff and those parties. The court therefore
(continued...)

Defendants Sheahan, Folkers, and Broadway have brought a motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons discussed below, the court grants the motion for summary judgment as to: Count I; Count IV as to defendant Sheahan in his individual capacity; and Count V as to defendant Sheahan in his individual capacity. The court declines to exercise its supplemental jurisdiction over Counts II and III.

**FACTS**

Plaintiff is a resident of Chicago, Illinois. Defendant Sheahan is the former sheriff of Cook County, Illinois. Defendants Folkers and Broadway are Cook County Sheriff's deputies. On January 25, 2003, plaintiff's brother, Barron Catchings ("Barron"), was arrested by the Chicago Police Department ("CPD") on a felony charge of retail theft. At the time of his arrest, Barron identified himself as plaintiff Jeffrey Catchings. The CPD booked, fingerprinted, and photographed Baron under plaintiff's name. Barron had been fingerprinted prior to January 25, 2003, in connection with other arrests. On January 26, 2003, Barron was transported to the Cook County Jail, where he was entered into the jail system, or "booked," by defendant Broadway, and held until his court appearance.

Barron appeared in court and entered a guilty plea under plaintiff's name on January 31, 2003, and he was sentenced to thirty months probation. Barron violated the terms of his probation, and on May 20, 2003, a warrant for his arrest was issued – in plaintiff's name.

---

(...continued)
strikes Counts VI and VII from the fourth amended complaint as moot. Cook County remains a defendant in this case and has not moved for summary judgment on plaintiff's Monell claims.

Pursuant to that warrant, plaintiff was arrested and detained on six separate occasions between September 20, 2003, and March 8, 2004. Subsequent to three of these arrests, plaintiff was transferred to the Cook County Jail, where he was detained between eight and twelve days on each occasion. Plaintiff spent a total of forty-three days in custody over a six-month period for arrests made pursuant to the warrant issued for his brother, but in his name.

Each time plaintiff was arrested and taken to Cook County Jail, he informed the sheriff's deputies that the warrant had been issued in error. Each time, officials ultimately recognized the error and released plaintiff without bringing charges against him, but it was, on more than one occasion, more than a week before plaintiff was released.

Plaintiff was first arrested on September 20, 2003 after being stopped by several CPD officers for urinating in an alley. The officers informed plaintiff that there was an outstanding warrant for his arrest and put him in handcuffs. The CPD officers first took plaintiff to the Pulaski Avenue police station; they then transferred him to the station at Seventeenth Street and State Street. At the second station, after a fingerprint comparison, officers determined that plaintiff was not the subject of the warrant and released him from custody.

On September 27, 2003, exactly one week later, plaintiff was stopped by police in a K-Mart parking lot in Waukegan, Illinois, for questioning in connection with an incident that had taken place there earlier that day. Plaintiff was arrested and held in the Lake County Jail for two nights. On Monday, September 29, 2003, a Cook County Sheriff's officer took plaintiff from the Lake County Jail and transferred him to the Cook County Jail, where he was held until October 9, 2003. Plaintiff repeatedly asked jail officers to investigate his claim that he was not the person described in the warrant, but the officers refused.

3

On October 9, 2003, plaintiff was taken to Cook County Circuit Court, at which time plaintiff and the public defender assigned to his case explained the situation to the presiding judge. The judge released plaintiff on an individual recognizance bond, ordered plaintiff to be re-fingerprinted, and told him to return to court on October 23. When plaintiff returned on that day, the prosecutor acknowledged that plaintiff had been arrested erroneously, and plaintiff was discharged. The judge also ordered an amendment of the arrest warrant to read, "DO NOT ARREST I.R. [Individual Record] #499370," the arrest number assigned to plaintiff. The I.R. number on the warrant was #1533333.

On November 12, 2003, plaintiff was stopped by a CPD officer for questioning after plaintiff stepped out of a car with a broken window. The CPD officer ran a computer check and found that there was a warrant outstanding in plaintiff's name. Plaintiff told the officer about the incorrect warrant and showed him a copy of the court order from his October 23, 2003, court hearing, which stated that he should not be arrested pursuant to that warrant. The police officer arrested plaintiff and took him to the police station at 17th Street and State Street. Plaintiff again told his story and asked that the officers compare his fingerprints and physical description to those on the warrant. The officers did not make the comparison and instead transported plaintiff to the Cook County Jail. Plaintiff was held there until November 17, 2003, when he was brought before a bond judge, who ordered him held without bond until November 24, 2003. Plaintiff returned to the Cook County Jail, where he was held until November 24, 2003, at which point the bond judge ordered his release.

On December 15, 2003, a CPD officer saw plaintiff drinking wine from a bottle in a city park. The officer asked plaintiff for his name and ran a computer check, which revealed the

4

arrest warrant under plaintiff's name. Plaintiff explained the misidentification to the officer, but the officer arrested him and took him to a police station at Pulaski Avenue. At the station, plaintiff once again asked the officers to compare his fingerprints and physical description to those on the warrant. The officers did not make the comparison and held him at the station overnight. The next morning, they transported him to the Cook County Jail, where he was held for approximately eight or nine days. On a day in late December, 2003, plaintiff appeared in court, at which time the judge and the prosecutor remembered plaintiff and released him from custody.

On January 18, 2004, plaintiff was stopped by a CPD officer while walking down the street. The officer ran a computer check on plaintiff's name and discovered the outstanding warrant. He then took plaintiff to a police station at 17th Street and State Street, where plaintiff was incarcerated despite his claim that the warrant was erroneous. Plaintiff was held until the following morning, at which time he was taken to court and then released from custody. On January 19, 2004, the judge entered an order "that the Police Department not arrest Jeffrey Catchings, I.R. #499370 in the above referenced warrant." The judge also issued a new arrest warrant that stated, "Do not arrest I.R. #499370."

On March 8, 2004, four or five CPD officers approached plaintiff while he was sitting in his girlfriend's truck. The police ordered plaintiff out of the car, asked for his name, ran a search in the computer database, and arrested him pursuant to the still-outstanding warrant. The officers took plaintiff to a police station at Harrison St. and Kedzie Avenue, where they held him for several hours before releasing him with no charges.

**DISCUSSION**

A movant is entitled to summary judgment under Fed. R. Civ. P. 56 when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990).

**Individual § 1983 Claims**

Plaintiff has brought claims against defendants Sheahan, Folkers, and Broadway in their individual capacities for wrongful detention and wrongful imprisonment in violation of his constitutional rights pursuant to 42 U.S.C. § 1983. To prevail on these claims, plaintiff must demonstrate that he was (1) deprived of a federal right, privilege, or immunity (2) by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 638 (1980). Section 1983 "[c]laims based on continued detention of individuals after arrest on a valid warrant (even when the warrant is for someone else) are governed by the due process clause." Garcia v. Mundelein, 2005 WL 309554, *3 (N.D. Ill. Feb. 7, 2005), citing Panfil v. City of Chicago, 45 Fed. Appx. 528, 533 (7th Cir. Aug. 28, 2002). To constitute a due process violation, the conduct alleged must "shock the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998). To

rise to that level, the conduct alleged must rise, at the minimum, to the level of "deliberate indifference." Id. at 850.

Defendants Folkers and Broadway

Count I alleges that on September 29, 2003, the date of plaintiff's second arrest, defendants Broadway, a Cook County Jail booking officer, and defendant Folkers, a Cook County Jail fingerprint officer, failed to investigate plaintiff's claims that he had been arrested incorrectly. According to plaintiff, defendants Folkers and Broadway breached their duty to "reasonably investigate" his identity after he asserted that he had been misidentified, which resulted in his incarceration for approximately thirteen days in violation of his due process rights. Plaintiff makes no allegations, however, that defendants Folkers and Broadway knew that the warrant was erroneous and failed to rectify the situation; indeed, the complaint makes no allegations that the conduct of either defendant rose to the level of deliberate indifference.[2]

Further, the Supreme Court has held that jailers, such as defendants Folkers and Broadway, are not constitutionally required to investigate and confirm the identity of pre-trial detainees. In Baker v. McCollan, 443 U.S. 137 (1979), like the instant case, the plaintiff's brother had adopted the plaintiff's identity when arrested and booked for criminal conduct, and a warrant was issued in the plaintiff's name. When the plaintiff was stopped for running a red light, he was arrested on the warrant that erroneously bore his name. The Supreme Court rejected the plaintiff's claim that the jailers who held him for three days on a facially valid

---

[2]The court also notes that at the time plaintiff encountered defendants Folkers and Broadway, no judge had yet altered the warrant to address the misidenfication of plaintiff.

warrant, despite his protests of misidentification, were liable under § 1983 for violating the due process clause of the Fourteenth Amendment:

> Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and jury. Id. at 145-46.

For these reasons, the court grants summary judgment on Count I as to defendants Folkers and Broadway.

Defendant Sheahan

Counts I, IV and V allege violations of plaintiff's constitutional rights by defendant Sheahan in his individual capacity. Plaintiff admits, however, that defendant Sheahan was at no time a direct participant in his arrests or continued incarceration. To hold defendant Sheahan liable as an individual under § 1983, plaintiff must demonstrate that Sheahan either "acquiesced in some demonstrable way in the alleged constitutional violation" (Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003)), or knew about the alleged conduct and "facilitated it, approved it, condoned it, or turned a blind eye for fear of what they might see." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).

Plaintiff makes these allegations regarding defendant Sheahan, but he does no more than recite this exact language. He provides no supporting facts to demonstrate that defendant Sheahan had any knowledge whatsoever of any of plaintiff's arrests. In fact, plaintiff's only allegations concerning defendant Sheahan concern failure to train personnel or to implement

8

policies to prevent and remedy claims of misidentification and false imprisonment. Such claims are not properly brought against Sheahan as an individual, but against him in his official capacity. As plaintiff's counsel well knows, claims brought against a defendant in his official capacity are actually claims against the government entity for which that defendant works. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The court will therefore consider plaintiff's allegations regarding defendant Sheahan under plaintiff's Monell claims, and defendants' motion for summary judgment is granted on Counts I, IV, and V as to defendant Sheahan in his individual capacity.

**State Law Claims**

Count II alleges violations of the Illinois Constitution by defendants Folkers and Broadway; Count III alleges false imprisonment under state law by those defendants. Because the court granted summary judgment for defendants Folkers and Broadway, it declines to exercise it supplemental jurisdiction under 28 U.S.C. § 1367 over Counts II and III.

## CONCLUSION

For the reasons discussed above, the court grants the motion for summary judgment as to: Count I; Count IV as to defendant Sheahan in his individual capacity; and Count V as to defendant Sheahan in his individual capacity. The court declines to exercise its supplemental jurisdiction over Counts II and III. Counts IV and V of the complaint are still pending as to

defendant Cook County. This matter is set for a hearing on status February 14, 2008, at 9:00 a.m.

**ENTER:** **January 29, 2008**

_____
**Robert W. Gettleman
United States District Judge**